**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JASON M. STOUT, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 20-194-RAW-KEW ) |
| SCOTT NUNN, Warden, | ) ) |
| Respondent. | ) ) |

### OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as barred by the statute of limitations (Dkt. 9). Petitioner is a pro se prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking the revocation of his suspended sentences in Muskogee County District Court Case Nos. CF-2001-1135 and CF-2002-22.

**Petitioner's Claims**

Petitioner complains that he was denied an appeal from his revocation hearing, because his attorney failed to file a notice of intent to appeal or to consult with him about an appeal. He also claims the revocation of his suspended sentences was unconstitutional, because he is innocent of the crimes that were used to revoke the suspended sentences, and the State failed to use the preponderance of evidence standard to revoke the suspended sentences. He further asserts he is innocent of the crimes that were used to revoke his suspended sentences.

**Statute of Limitations**

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). Petitioner has not filed a response to Respondent's motion.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitations period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

The record shows that on June 17, 2002, Petitioner entered guilty pleas to Assault and Battery with a Dangerous Weapon (Count 1) in Muskogee County District Court Case No. CF-2001-1135. In Muskogee County District Court Case No. CF-2002-22, he pleaded guilty to Burglary (Count 1) and three counts of Assault and Battery (Counts 2-4) (Dkt. 10-1). In Case No. 2001-1135, he was sentenced to imprisonment for 20 years, with all but the first 3 years suspended on Count 1 (Dkt. 10-2). In Case No. CF-2002-22, he was sentenced to 20 years of imprisonment with all but the first 3 years suspended on Count 1 and 90 days of imprisonment on Counts 2, 3, and 4 (Dkt. 10-3). The state district court ordered all counts to run concurrently with each other. Petitioner also was subject to the standard Rules and Conditions of Supervised Probation regarding his suspended sentences (Dkts. 10-2, 10-4).

Following his plea, Petitioner unsuccessfully sought judicial review, the State filed multiple motions and applications to revoke his suspended sentences, the State ordered him to perform certain acts (such as attending anger management, Alcoholics Anonymous, Narcotics Anonymous, and substance abuse treatment), and the state district court repeatedly provided him with opportunities to comply with the requirements of his probation (Dkt. 10-5 at 5-16, Dkt. 10-6 at 6-18). On March 27, 2017, the State filed yet another motion to revoke his suspended sentences in both cases, arguing he had committed various new crimes in Muskogee County District Court Case No. CF-2017-370 (Dkts. 10-7, 10-8). On April 11, the state district court revoked Petitioner's suspended sentences in Case Nos. CF 2001-1135 and CF-2002-22 (Dkts. 10-9, 10-10). Following the revocation of the suspended sentences, Petitioner had ten days to file a notice of intent to appeal and designation of the record. *See Burnham v. State*, 43 P.3d 387, 390 (Okla. Crim. App. 2002); Rule 2.1(D)(4), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2011). The following dates are pertinent to the disposition of this motion to dismiss:

> **April 11, 2017:** As noted above, the state district court revoked Petitioner's suspended sentences in full in Muskogee County District Court Case Nos. CF-2001-1135 and CF-2002-22 (Dkts. 10-9, 10-10). Petitioner had ten days from this date to file a notice of intent to appeal and designation of record to appeal the revocation to the Oklahoma Court of Criminal Appeals (OCCA).
>
> **April 21, 2017:** The ten-day period during which Petitioner could have sought to appeal the revocation of his suspended sentences expired.
>
> **April 22, 2017:** Petitioner's one-year statute of limitations under the AEDPA began to run. 28 U.S.C. § 2244(d)(1). *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date).
>
> **July 11, 2017:** Petitioner filed an application for post-conviction relief in Muskogee County District Court Case Nos. CF-2001-1135, arguing that his 20-year sentence for Assault and Battery with a Dangerous Weapon violated state statutes and that plea counsel was ineffective in failing to recognize the illegality of the sentence (Dkt. 10-11).

**August 14, 2017:**  The state district court granted Petitioner's application for post-conviction relief in part and amended the Judgment and Sentence and Order Revoking Suspended Sentence in Muskogee County District Court Case No. CF-2001-1135, to reflect a sentence of ten years instead of than 20 years (Dkt. 10-5 at 17; Dkt. 10-6 at 19; Dkts. 12, 13).  Following this partial grant, Petitioner had 30 days to appeal the district court's decision to the OCCA.  *See Gibson v. Klinger*, 232 F.3d 799, 802 (10th Cir. 2000) (noting that a petitioner is entitled to tolling during the time in which he could have properly appealed the denial of a post-conviction application under state law).

**September 13, 2017:**  The 30-day period during which Petitioner could have filed a post-conviction appeal with the OCCA expired.  *See Gibson*, 232 F.3d at 802.

**September 14, 2017:**  Petitioner's statute of limitations under the AEDPA began running again.  Petitioner had used eighty 80 of his 365 days, leaving 285 days remaining.

**June 26, 2018:**  Petitioner's statutory year, including tolling for his first post-conviction application, expired.

**February 7, 2019:**  Petitioner filed a motion in Case Nos. CF-2001-1135 and CF-2002-22, requesting leave to add more claims to his first post-conviction application (Dkt. 10-14).

**July 8, 2019:**  Petitioner filed a petition for writ of habeas corpus ad prosequendum and motion [for] reinstatement in Case Nos. CF-2001-1135 and CF-2002-22, claiming he was entitled to reinstatement of his suspended sentences, because the new charges upon which his revocation was based were dismissed  (Dkt. 10-15).

**August 14, 2019:**  Petitioner filed a notice in the state district court in Case Nos. CF-2001-1135 and CF-2002-22, warning that he would file a mandamus action with the OCCA, if the District Court did not dispose of his July 8, 2019, petition for habeas corpus relief within seven working days (Dkt. 10-16).

**September 16, 2019:**  Petitioner filed an application for writ of mandamus with the OCCA in Case No. MA-2019-679 (Dkt. 10-17).  On January 7, 2020, the OCCA ordered the state district court to dispose of Petitioner's requests or inform the OCCA whether the district court already had done so (Dkt. 10-18). On February 7, 2020, the district court filed its response to the OCCA and denied Petitioner's motion for reinstatement of probation and his petition for a writ of habeas corpus ad prosequendam (Dkt. 10-19).  On March 6, 2020, the OCCA dismissed Petitioner's mandamus action as moot (Dkt. 10-20).

**February 7, 2020:**  Petitioner filed a second application for post-conviction relief in Case Nos. CF-2001-1135 and CF-2002-22 (Dkt. 10-21).  He sought

4

an appeal out of time and claimed that he was denied a revocation appeal through no fault of his own.

**February 27, 2020:** Petitioner filed a state habeas corpus action with the OCCA in Case No. HC-2020-169, claiming the state district court wrongfully denied his request to reinstate his suspended sentences (Dkt. 10-22). Petitioner supplemented this Petition on April 2, 2020, and argued that the State's evidence regarding his new crimes in Muskogee County District Court Case No. CF-2017-370 was insufficient (Dkt. 10-23). On May 18, 2020, the OCCA denied Petitioner's attempt to seek state habeas corpus relief, noting that "the writ of habeas corpus is not an authorization to bypass the statutory appeal process" (Dkt. 10-24 at 1).

**March 17, 2020:** The state district court denied Petitioner's second application for post-conviction relief, finding that Petitioner was not denied an appeal through no fault of his own (Dkt. 10-25). Petitioner appealed this denial to the OCCA in Case No. PC-2020-296 (Dkts. 10-26, 10-27, 10-28, 10-29).

**May 22, 2020:** The OCCA affirmed the District Court's denial of Petitioner's second application for post-conviction relief (Dkt. 10-32). The OCCA noted that Petitioner could have sought a revocation appeal during his first post-conviction proceedings. Further, the OCCA noted that Petitioner failed to show he was denied an appeal through no fault of his own.

**June 22, 2020:** Petitioner filed the this untimely petition for a writ of habeas corpus.

As set forth above, the deadline for filing this habeas corpus petition was June 26, 2018. This petition, however, was not filed until June 22, 2020. Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. While Petitioner was entitled to tolling of the limitation period for his first post-conviction proceedings, his subsequent attempts to obtain post-conviction relief before the state courts cannot serve to toll an already expired statute of limitations. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003). Thus, the petition is barred by the statute of limitations.

**Equitable Tolling**

Generally, equitable tolling requires a litigant to establish two elements: "(1) that he

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Petitioner carries the burden of establishing equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Here, however, he has failed to allege or argue equitable tolling.

To the extent Petitioner claims his plea counsel failed to timely file a notice of intent to appeal the revocations, the Court finds Petitioner has failed to demonstrate "extraordinary circumstances" deserving of equitable tolling. Other than attempting to blame plea counsel for failing to appeal the revocation, Petitioner does not explain why this habeas petition is untimely or how he pursued his claims diligently. Therefore, the Court finds he is not entitled to equitable tolling.

**Actual Innocence**

Finally, the Court finds Petitioner cannot demonstrate a gateway claim of actual innocence sufficient to overcome the time bar. "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)).

Petitioner claims in Ground II of his petition that he is innocent of the crimes that were used to revoke his suspended sentences, and the State failed to prove his probation violations by a preponderance of the evidence. He further claims the State's subsequent dismissal of the separate criminal case involving the new crimes in Muskogee County District Court Case No. CF-2017-370 demonstrates his actual innocence. Regarding these allegations, the state district court noted in a response to the OCCA that:

> Given the long and convoluted history of Stout[']s cases, apparently, he thinks he should be reinstated to probation status because the CF-2017-370 case was dismissed. However, the ultimate outcome of that felony does not negate his revocations. On 4-11-17 a Judge heard evidence which convinced him that

> Stout had violated his rules and conditions of probation and revoked him. Since the burden of proof in a revocation is preponderance of the evidence and beyond a reasonable doubt in a criminal trial[,] the ultimate dismissal of the new case is virtually irrelevant to his revocations. Therefore the Writ of Habeas Corpus Ad Prosequendam is unnecessary and the reinstatement of Stout's probation status is uncalled for and consequently both of Stout's motions are hereby denied.

*Stout*, No. MA-2019-679 (Muskogee County Dist. Ct. Feb. 5, 2020) (Dkt. 19 at 2).

Other that his bald claims that the State failed to meet its burden at the revocation hearing, the Court finds Petitioner has not presented any proof as to why he is innocent of his probation violations. In addition, any subsequent dismissal of the new criminal case upon which Petitioner's probation violations were based is immaterial to whether his suspended sentences were properly revoked. *See, e.g., Brown v. State*, 740 P.2d 164, 166 (Okla. Crim. App. 1987) ("Having previously found that the State met this burden at the revocation hearing, we hold that the subsequent acquittal by a jury will not disturb the trial court's order revoking appellant's suspended sentence."); *Moore v. State*, 644 P.2d 1079, 1081 (Okla. Crim. App. 1982) ("The issue . . . is not whether the evidence was sufficient to sustain a conviction for murder. The issue is whether the preponderance of evidence indicated that the probationer had violated the terms of his suspended sentence within the framework of the three charges alleged."); *Phipps v. State*, 529 P.2d 998, 1001 (Okla. Crim. App. 1974) (finding that "the revocation of the defendant's suspended sentence, notwithstanding the fact that the attempted burglary charge was dismissed and never pursued to a final conviction, was based on competent evidence presented to the trial court and the evidence presented met the required quantum of proof by a preponderance of the evidence") (internal citation omitted). *See Bumgarner v. Middleton*, No. 05-3033, 54 F.3d 787, 1995 WL 275718, at *2 (10th Cir. May 10, 1995) (unpublished) (In Oklahoma, the "question at this hearing was whether there was sufficient evidence under state law that Petitioner had committed a crime

7

in violation of the suspended sentence regardless of whether he had been acquitted at a formal trial for the same crime").

Clearly, Petitioner's arguments fall far short of the extraordinarily demanding standard for a colorable showing of actual innocence. Therefore, his unsupported claim of actual innocence cannot serve as a gateway to overcome the statute of limitations. *See Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997).

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**ACCORDINGLY,** Respondent's motion to dismiss time barred petition (Dkt. 9) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 6th day of August 2021.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA